# United States Court of Appeals
## For the First Circuit

No. 24-1337

SHAWN MCBREAIRTY,

Plaintiff - Appellant,

v.

BREWER SCHOOL DEPARTMENT; GREGG PALMER, individually and in his official capacity as Brewer Superintendent; BRENT SLOWIKOWSKI, individually and in his official capacity as Brewer High School Principal; MICHELLE MACDONALD, individually and in her official capacity as Brewer High School English Teacher,

Defendants - Appellees.

Before

Barron, Chief Judge,
Kayatta and Rikelman, Circuit Judges.

**JUDGMENT**

Entered: May 16, 2024

     Appellant Shawn McBreairty seeks review of an order in the District Court for the District of Maine. Appellant invokes this court's appellate jurisdiction under 28 U.S.C. § 1292(a)(1), which allows for immediate appellate review of some district court orders concerning requests for injunctive relief. Having already been denied such relief in the district court, appellant also has filed an "Emergency Motion for Injunction Pending Appeal." See generally Fed. R. App. P. 8(a).

     Upon careful examination of relevant district court rulings and the papers currently on file in this appeal, we conclude that the ruling designated in the operative notice of appeal reflects the denial of temporary-restraining-order relief but does not reflect the denial of preliminary-injunction relief. Indeed, in relevant rulings, the district court has made clear that a motion for a preliminary injunction remains pending before it and that the preliminary injunction motion would be addressed promptly upon this court's issuance of mandate in this appeal. See D.Ct. Dkt. 30 at 4 ("The remainder of Plaintiff's Motion (his request for a preliminary injunction) is **RESERVED** pending further proceedings. The Court will schedule the matter for an evidentiary hearing on Plaintiff's request for a preliminary injunction.") & 41 at 3 ("While the Court waits with bated

breath for the First Circuit to return its mandate, the Court will be as poised then as it is now to calendar, promptly, the preliminary injunction hearing to consider the emergency relief Plaintiff seeks.").

Again, appellant expressly invokes the jurisdictional provision at § 1292(a)(1). "[T]he denial of a temporary restraining order does not normally fall within the compass of section 1292(a)(1)." Calvary Chapel of Bangor v. Mills, 984 F.3d 21, 27 (1st Cir. 2020) (citing S.F. Real Est. Inv'rs. v. Real Est. Inv. Tr. of Am., 692 F.2d 814, 816 (1st Cir. 1982)). For this court to hear an appeal from the denial of a temporary restraining order by way of § 1292(a)(1), the appellant must "make a three-part showing — demonstrating that the refusal of a temporary restraining order had the practical effect of denying injunctive relief, will likely cause serious (if not irreparable) harm, and can only be effectually challenged by means of an immediate appeal." Id. Failure to make any one of these showings is "fatal." Id.

Based on our review of the "Emergency Motion" and the record, we conclude that the district court's ruling in this case, which, again, expressly denied the request for a temporary restraining order and expressly reserved ruling on the request for a preliminary injunction, is not encompassed by § 1292(a)(1). Accordingly, dismissal is in order. This judgment is without prejudice to the parties' continued pursuit of relevant issues in the district court and is without prejudice to any appeal that might be taken following the district court's ruling on the preliminary injunction motion still pending in that court.

The appeal is hereby **DISMISSED**. See Local Rule 27.0(c). The "Emergency Motion for Injunction Pending Appeal" is **DENIED** as moot in light of the foregoing.

By the Court:

Maria R. Hamilton, Clerk

cc:
Marc John Randazza
Jay Marshall Wolman
Robert J. Morris II
Melissa A. Hewey
Jeana McCormick
James B. Haddow
Scott D. Dolan